UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIN LIN (A#070-505-315),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06451-DAD-SCR<br><br><u>ORDER AND</u><br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner is a native and citizen of China who has a final administrative order of removal ("FAOR") to China issued on August 9, 2002. ECF No. 8-2 at 9. He was first released from immigration detention on November 10, 2002 and then again on January 13, 2010, pursuant to an Order of Supervision ("OSUP") after Immigrations and Customs Enforcement ("ICE") determined there was no significant likelihood of removal to China. ECF No. 1 at 3; ECF No. 8-1 at 3. He was redetained by ICE on February 2, 2026 during a check-in at the Baltimore Field Office. ECF No. 8-1 at 2. Petitioner was not provided a custody review until July 28, 2026, after he had been in detention for over five months. ECF No. 8-1 at 13.

Petitioner filed the pending § 2241 petition on August 10, 2026 challenging his prolonged detention because there is no significant likelihood that he will be removed to China in the reasonably foreseeable future. ECF No. 1 at 13. Petitioner indicates that China will not issue him the necessary travel document to facilitate his removal. ECF No. 1. In ground four, Petitioner also asserts that his detention violates the Fifth Amendment due process clause because there has been no change in circumstances making his removal likely; he was not notified of the reasons why his supervision was revoked; and he was not afforded a prompt initial interview after he was detained. ECF No. 1 at 17.

Respondent concedes that Petitioner was not provided with the revocation of release procedures required by 8 C.F.R. § 241.13(i) and that "[i]f the Court concludes that this failure violates due process, relief should be limited to immediate release on the prior supervision terms, without broader injunctions that reach removal mechanics or third-country restrictions absent record-supported fear claims." ECF No. 8 at 1.

## II. Analysis

Consistent with Chen v. Warden, No. 1:26-cv-03617-DAD-CSK, ECF No. 8 (E.D. Cal. June 4, 2026) and Forte-Perez v. Warden, California City Immigration Processing Center, No. 1:26-cv-05612-DAD-SCR, ECF No. 6 (findings and recommendations), ECF No. 8 (order adopting findings and recommendations) (E.D. Cal. Aug. 18, 2026), the undersigned finds that Respondent redetained Petitioner without complying with the procedures required by 8 C.F.R. § 241.13(i)(3) in violation of his right to due process. Accordingly, Petitioner is entitled to habeas relief.

Accordingly, IT IS HEREBY ORDERD that Petitioner's motion to appoint counsel (ECF No. 3) is denied as moot in light of the recommendation contained herein.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on claim four.

2. Respondent be directed to immediately release Petitioner BIN LIN (A#070-505-315), on the same conditions of release in place at the time of his redetention on February 2, 2026.

3. Respondent is directed to file a notice of compliance within three (3) days of any

order adopting these findings and recommendations.

4. Respondent be prohibited from re-detaining Petitioner without first complying with 8 U.S.C. § 241.13.

5. The Clerk of the Court be directed to:

a. Serve the California City Correctional Facility with a copy of any order of release; and

b. Enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE